No. 04-98-00288-CV



Judith Brown STREET, James Earl Street, Jr., and John Green, 


Independent Administrator of the Estate of James Wayne Street, Deceased,


Appellants



v.



SID PETERSON MEMORIAL HOSPITAL,


Appellee



From the 216th Judicial District Court, Kerr County, Texas


Trial Court No. 96-727-A


Honorable Emil Karl Prohl, Judge Presiding



Opinion on Motion for Rehearing



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice


Delivered and Filed: April 14, 1999


MOTION FOR REHEARING DENIED


 The motion for rehearing filed by appellee, Sid Peterson Memorial Hospital ("Hospital"), is
denied. In our original opinion, we asserted that the motion for summary judgment and its
supporting evidence challenged the element of causation. Our opinion addressed the issue of
causation, and the reason summary judgment could not be granted on that basis.

 In its motion for rehearing, the Hospital asserts that we failed to address the disputed issue
in this appeal, i.e., whether or not James Street received excessive potassium intravenously. In
reviewing the motion for summary judgment, we agree with the Hospital that it can also be
construed as challenging whether the Hospital engaged in a negligent act. However, we conclude
that the evidence introduced by appellants raised a genuine issue of material fact as to that element
of their cause of action.

 Texas law recognizes summary judgment to be a harsh remedy requiring strict construction.
Garcia v. John Hancock Variable Life Ins. Co., 859 S.W.2d 427, 435 (Tex. App.--San Antonio
1993, writ denied). The reason for applying such a strict standard is because a summary proceeding
is "not a conventional trial, but an exception to the usual and traditional formal procedure whereby
witnesses are heard in open court and documentary proof is offered and received into evidence." Id.
A summary proceeding is not intended to permit a trial by deposition or affidavit and should not be
resolved by weighing the relative strength of the conflicting facts and inferences. Id.

 Attached to the appellants' response to the Hospital's motion for summary judgment are the
affidavits of Judith Street (James Street's mother), Albert Owen Davies, M.D., and Ruthanne Lucas,
a registered nurse. Judith Street states in her affidavit that the I.V. bags hanging to her son's I.V.
pump had another patient's name on them. Ruthanne Lucas states that the Hospital failed to comply
with the minimum acceptable standard of care by administering medications intended for another
patient, including potassium chloride. Dr. Davies states that if James Street received an infusion of
potassium that was not intended for him (which Lucas stated was the case), then such administration
would be a deviation from the standard of care and, in reasonable medical probability, the
administration would be the cause of his cardiac arrhythmias, arrest and death.

 Lucas's affidavit was sufficient to controvert the summary judgment evidence presented by
the Hospital because she stated that the Hospital was negligent in administering medications
intended for another patient including potassium chloride. Lucas's statement raises a material issue
of fact as to whether the Hospital's improper administration of potassium chloride to James Street
intravenously caused his death. Although the Hospital's evidence conflicts with the statement made
in Lucas's affidavit, a summary judgment is not to be resolved by weighing the relative strength of
the conflicting facts and inferences. Id.

 The Hospital's motion for rehearing is denied.


 PHIL HARDBERGER,

 CHIEF JUSTICE


DO NOT PUBLISH 


Return to
4th Court of Appeals Opinions